CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 11 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

PREFERRED REAL ESTATE INVESTMENTS, LLC, )
)
                              Plaintiff, )
)
v.                                      )   Civil Action No. 4:07CV00026
)
CT AND MT, LLC )
)
Serve:  Curtis Tharpe, Manager )
          3030 Tollhouse Road )
          Drakes Branch, VA 23937 )
)
BMC ROCK, INC. )
)
Serve:  Beverly T. Kunath, Registered Agent )
          3030 Tollhouse Road )
          Drakes Branch, VA 23937 )
)
and )
)
CURTIS THARPE )
)
Serve at: 3030 Tollhouse Road )
             Drakes Branch, VA 23937, )
)
)
                             Defendants. )

## COMPLAINT

Plaintiff Preferred Real Estate Investments, LLC ("PREI"), by counsel, respectfully represents the following as its Complaint against Defendants CT and MT, LLC; BMC Rock, Inc.; and Curtis Tharpe:

## PARTIES AND JURISDICTION

1.    PREI, a real estate investment firm, is a Pennsylvania limited liability company having its principal place of business in Conshohocken, Pennsylvania.

2. Upon information and belief, defendant CT and MT, LLC is a Virginia limited liability company with its principal place of business in Charlotte County, Virginia.

3. Upon information and belief, Defendant Curtis Tharpe ("Mr. Tharpe") and his son Michael Tharpe are the members of CT and MT, LLC, which owns approximately 255.90 acres located at 301 Sunrise Lane, Drakes Branch, Virginia (the "Real Estate").

4. Upon information and belief, BMC Rock, Inc. is a Virginia corporation with its principle place of business in Charlotte County, Virginia.

5. Upon information and belief, Mr. Tharpe and his son are shareholders in BMC Rock, Inc., which conducts a mining operation on the Real Estate.

6. Venue is proper in this district and division under 28 U.S.C. § 1391 (b)(3) and the Standing Order of Judge Turk as amended on January 30, 1992.

7. Based on the diversity of citizenship between PREI and Defendants and on the amount in controversy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

## COUNT I – BREACH OF CONTRACT

8. PREI incorporates paragraphs 1 through 7 herein as if fully set forth.

9. PREI identified the Real Estate as a potential investment opportunity.

10. During PREI's initial discussions with Mr. Tharpe, Mr. Tharpe made certain representations about the growth potential and future prospects for the mining operations on the Real Estate. These representations induced PREI to enter into a non-binding letter of intent with CT and MT, LLC that would allow PREI to perform due diligence regarding the potential real estate transaction.

11. On or about February 28, 2007, Mr. Tharpe sent PREI a non-binding letter of intent (the "LOI") that, upon information and belief, had been drafted by his attorney (Exhibit A).

12. The LOI contemplated that a non-refundable deposit would be paid in the amount of $200,000.00, but only "upon execution of an Agreement of Purchase and Sale ('Agreement') that may be negotiated and executed by the parties." (Emphasis added.) By its very terms, the LOI was "Non-Binding" and "shall not . . . create any legal rights or obligations between the parties, it being intended that all such legal rights and obligations will come into existence only when, and if, the Agreement is signed and delivered." (Emphasis in original).

13. PREI signed and returned the LOI, and it was then signed by Mr. Tharpe on behalf of CT and MT, LLC on March 5, 2007.

14. PREI insisted upon the opportunity for its due diligence while the parties prepared the contemplated Agreement of Purchase and Sale ("Purchase Agreement"). Mr. Tharpe, on the other hand, insisted on receiving and holding the proposed $200,000.00 deposit as a demonstration of PREI's good faith and a showing that PREI had the wherewithal to complete the transaction.

15. In order to overcome this impasse, Mr. Tharpe and PREI came to a separate agreement whereby PREI would wire $200,000.00 to Mr. Tharpe to hold while PREI negotiated the Purchase Agreement and conducted its due diligence in return for Mr. Tharpe's allowing PREI access to the Real Estate and certain financial information for its due diligence. It was expressly understood by the parties, however, that allowing Mr. Tharpe to hold the sum of $200,000.00 was solely a show of good faith by PREI and not a non-refundable deposit to CT

and MT, LLC and did not alter the terms of the LOI that the $200,000.00 would become non-refundable only upon execution of the Purchase Agreement.

16. On or about March 6, 2007, PREI wired the sum of $200,000.00 into the bank account of BMC Rock, Inc., per Mr. Tharpe's written instructions.

17. On or about March 14, 2007, PREI sent to Mr. Tharpe a draft Purchase Agreement to which he did not respond.

18. On or about April 20, 2007, PREI informed Mr. Tharpe that PREI did not wish to proceed because Mr. Tharpe's representations about increased sales from the mining operation were not true. PREI then requested Mr. Tharpe to return the $200,000.00 wired into the account of BMC Rock, Inc. Mr. Tharpe refused to do so.

19. To date, Defendants have failed and refused to return PREI's $200,000.00 in breach of PREI's agreement with Mr. Tharpe, either individually or on behalf of CT and MT, LLC and/or BMC Rock, Inc.

20. As a result of this breach, PREI suffered, and continues to suffer, damages in the amount of $200,000.00.

## COUNT II – UNJUST ENRICHMENT

21. PREI incorporates paragraphs 1 through 20 herein as if fully set forth.

22. In the alternative, Defendants have retained possession of PREI's $200,000.00, to which Defendants have no just right.

23. The Defendants' retention of the sum of $200,000.00 in the absence of the contemplated Purchase Agreement between the parties is inequitable.

23. PREI is rightfully entitled to have its $200,000.00 returned to avoid any unjust enrichment of Defendants.

**WHEREFORE,** plaintiff Preferred Real Estate Investments, LLC, prays that judgment be granted in its favor against defendants CT and MT, LLC; BMC Rock, Inc.; and Curtis Tharpe in the amount of $200,000.00, together with interests and costs incurred herein, and such other relief as the Court may deem appropriate.

Date: June 8, 2007

PREFERRED REAL ESTATE
INVESTMENTS, LLC,

By _____
Of Counsel

Channing J. Martin (VSB No. 18887)
Stephen E. Baril (VSB No. 19604)
Samuel T. Towell (VSB No. 71512)
WILLIAMS MULLEN
A Professional Corporation
Two James Center
1021 E. Cary Street, 17th Floor
P.O. Box 1320
Richmond, VA 23218-1320
Tel: (804) 643-1991
Fax: (804) 783-6507
  *Attorneys for Preferred Real Estate Investments, LLC*

1456798v7